NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0982n.06
Filed: December 15, 2005

CASE NO. 03-1849

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Appellee, | | |
| v. | | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| PAUL NEIL ROWE, | | |
| Appellant. | | |

BEFORE: DAUGHTREY and GILMAN, Circuit Judges, and RICE, Senior District Judge.[*]

WALTER H. RICE, Senior District Judge. Appellant, Paul Rowe, appeals the thirty-seven (37) month sentence imposed by the district court following his conviction, a sentence which was imposed prior to the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We must remand for re-sentencing in light of our holding in United States v. Barnett, 398 F.3d 516 (6th Cir. 2005). In Barnett, this court established a presumption that any pre-Booker sentencing determination

_____

[*]The Honorable Walter H. Rice, Senior United States District Court Judge for the Southern District of Ohio, sitting by designation.

constitutes plain error because the Guidelines were then mandatory. Id. at 526-29. Consequently, a defendant must be re-sentenced, unless the sentencing record contains clear and specific evidence to the effect that, even if the sentencing court had known the Guidelines were advisory, it would have sentenced the defendant to the same (or a longer) term of imprisonment. See id. The record before us lacks such clear and specific evidence. Indeed, the record does not rule out the possibility of a lower sentence. Consequently, we remand for re-sentencing in accordance with Booker. However, even following the district court's reconsideration of its sentence in light of Booker, the issue raised by Rowe on appeal will, in all likelihood, still exist. Consequently, we will now turn our attention to that issue, noting, as we do, that this court's opinion on the "merits" of the appeal is purely advisory and not binding upon the lower court. See United States v. McDaniel, 398 F.3d 540, 551-52 nn.9-10 (6th Cir. 2005) (describing its recommendations as to guideline factors in terms of "guidance" and "advice," and stating that the district court is not required to impose a sentence reflecting these enhancements).

On April 16, 1999, the Appellant was divorced from his wife of five years. While married, he and his wife had two children. The divorce was presided over by Circuit Court Judge Kenneth Schmidt, in Bay County, Michigan. The proceedings were contentious and Mrs. Rowe received a personal protection order against the Appellant. Mrs. Rowe was granted custody of the two children and the Appellant received visitation

2

rights.[2] In the fall of 2000, Mrs. Rowe, with the children, changed residences without informing the Appellant. Following her and the children's relocation, the Appellant's visitations ceased. In the early part of 2001, in an attempt to locate Mrs. Rowe and gain assistance in enforcing his visitation rights, the Appellant made several obscene and threatening telephone calls to the Bay County Friend of the Court and to the chambers of Judge Schmidt.[3]

On November 14, 2001, a seven-count Indictment was filed against the Appellant. Counts I and II alleged that he communicated, via telephone, a threat to injure Judge Schmidt in violation of 18 U.S.C. § 875(c). Counts III through VII alleged that the Appellant, with the intent to extort something of value from Judge Schmidt, communicated, via telephone, a threat to injure the Judge in violation of 18 U.S.C. § 875(b).

On March 6, 2003, Appellant pleaded guilty to Count I of the Indictment. The plea agreement provided that Counts II - VII would be dismissed at the time of sentencing, but the parties stipulated that the Appellant would be treated, for sentencing purposes, as if he had also been convicted of the dismissed counts. At the sentencing hearing, the

---

[2]The Appellant's visitation, during the divorce, was supervised by a Friend of the Court. During one such visit, the Appellant became agitated, pounding on windows, throwing a chair, and screaming at the social worker supervising the visit.

[3]The calls leading to Counts I and II of the Indictment were made to the Bay County Friend of the Court's Office. The calls in Counts III - VII were made to Judge Schmidt's chambers. At the time the calls were made, the Appellant resided in Texas.

parties agreed that, in light of the Supreme Court's decision in <u>Scheidler v. National Organization for Women, Inc., *et al.*</u>, 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003), Appellant would be released from his stipulation as to the extortion counts set forth in Counts III - VII of the indictment, given that the decision in <u>Scheidler</u> caused the defense to question whether the prosecution could prove the extortion counts therein.[4] According to the agreement reached at the sentencing hearing, the Appellant would be allowed to argue that his conduct did not amount to extortion, and, in the event that the district court determined that his conduct did in fact constitute extortion as defined in 18 U.S.C. § 875(b), he would be free to appeal his sentence.

Following the sentencing hearing, the district court concluded that the facts admitted by the Appellant made out the elements of extortion under 18 U.S.C. § 875(b).[5] Therefore, the Appellant was sentenced according to the stipulation made as

---

[4]In <u>Scheidler</u>, the Court had ruled that threats made by an abortion activist to an abortion clinic did not constitute extortion since the activist did not receive, nor attempt to receive, something of value. 537 U.S. 393 (2003). Here, the district court found that the threats made by the Appellant indicated that he sought something of value (i.e., money).

[5]Specifically, the district court concluded that the allegations in Count V were sufficient to make out the elements of extortion. Count V alleged (and the Appellant stipulated) that at 6:10 p.m. on October 16, 2001, the Appellant phoned the chambers of Judge Schmidt, and left the following voice mail message:

> Okay Schmidt, maybe you ain't got it yet. It's like this, far as a (unintelligible) ceremony is self perpetuating hypocrisy, a three-ring circus kangaroo court pyramid scam. You a Trinitarian? And the bitch a Trinitarian! I'm not, okay? That's what they call a pyramid scam. That's what they call a kangaroo court. I got your God, I got your constitution, and I got your Euclidian scientific finite method right here in my pants. You owe me bitch. I want cash and I want my kids back or I might just walk up

part of the plea agreement. He now appeals his sentence, arguing that the district court erred in calculating his offense level based on that court's finding that the facts admitted by him were sufficient to support an inference that his conduct constituted extortion as defined in 18 U.S.C. § 875(b). In reviewing a district court's application of the sentencing guidelines, appellate courts must accept the district court's findings of fact, unless they are clearly erroneous, and give due deference to the application of the guidelines to the facts. United States v. Webb, 335 F.3d 534, 536-37 (6th Cir. 2003).

18 U.S.C. § 875(b) provides that, "whoever, with intent to extort from any person ... any money or other thing of value, transmits in interstate commerce or foreign commerce any communication containing ... any threat to injure the person of another, shall be fined under this title or imprisoned not more than twenty years or both." On October 16, 2001, Appellant telephoned Judge Schmidt's office and left a voice mail message. The October 16th voice mail message states in part, "I want cash and I want my kids back or I might just walk up on you and take it...!" J.A. at 66. It was the opinion of the district court that the reference to cash, and the threat contained in the October 16th voice mail message, were sufficient to satisfy the elements of extortion under 18 U.S.C. § 875(b). J.A. at 260.

---

on you and take it because you're a fuckin' two-faced fuckin' liar that's why. Ah, ya got that? Ya understand? I'm talkin' about politics and religion, I'm talkin' about the separation of church and state that does not exist, alright? Bush and Clinton done fucked you all up 'cause they was runnin' their fuckin' mouth and they talk too much and you was busy doin' shit you shouldn't be doin' and that's the way it is and I'm comin' for you and you fuckin' owe me bitch!

Appellant contends that the October 16th voice mail message was "just another example of [his] rambling...," and the finding of the district court that it was an attempt at extortion was clearly erroneous because it was the statement of "an ill, frustrated and aggrieved parent." Final Brief of Appellant at 19-20. The Government presumes that Appellant objects to the district court's finding because the threat contained in the October 16th voice mail message was not a "true threat." Brief for the United States at 15. It appears, however, from the Appellant's brief, that the argument raised by him is that he lacked the specific intent to commit extortion. "At no time was Appellant attempting to extort money from Judge Schmidt." Final Brief of Appellant at 19.

This Court has previously held that, in order to support a conviction for a violation of 18 U.S.C. § 875(b), it is not necessary to prove the specific intent to injure or the ability to carry out the threat, but the specific intent to extort is required. U.S. v. Cooper, 523 F.2d 8, 10 (6th Cir. 1975). The Appellant contends that the district court's finding that there was sufficient evidence to satisfy all the elements of 18 U.S.C. § 875(b) was clearly erroneous, because he lacked the specific intent to commit extortion. The district court's decision should be upheld, however, as long as it has interpreted the evidence in a manner consistent with the record. See Anderson v. City of Bessemer, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574, 105 S.Ct. 1504.

The district court concluded that "although one might characterize [the October

6

16th voice mail message] as rambling, [] there is sufficient evidence to support an inference that it is a threat to be withheld in exchange for cash." J.A. at 260. The district court explicitly considered two different, permissible views of the evidence and chose one instead of the other. Therefore, the decision of the district court was not clearly erroneous.

While the decision of the district court was not clearly erroneous, the sentence was imposed prior to the Supreme Court's ruling in Booker. Consequently, the sentence is VACATED, the case is REMANDED, and the district court is directed to reconsider its sentence in light of the present, applicable state of the law.